UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

**BRANDON SCOTT LAVERGNE**   **CIVIL ACTION NO. 6:13-2140**
   **LA. DOC #424229**
**VS.**   **SECTION P**

   **JUDGE HAIK**

**ACADIA PARISH SHERIFF'S OFFICE, ET. AL.**   **MAGISTRATE JUDGE HILL**

REPORT AND RECOMMENDATION

*Pro se* plaintiff Brandon Scott Lavergne ("Lavergne"), proceeding in *forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on June 26, 2013.  Lavergne is an inmate in the custody of the Louisiana Department of Public Safety and Corrections.  He is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana where he is serving two life sentences imposed by the Louisiana Fifteenth Judicial District Court for Lafayette Parish following his August 17, 2012 convictions for the murder of Michaela Shunick ("Shunick") and Lisa Pate ("Pate").  Lavergne names the Acadia Parish Sheriff's Office and Detective Keith Latholis as defendants.

Lavergne alleges that in July, 2000 Kent David Kloster ("Kloster") contacted the Acadia Parish Sheriff's Office and the Fifteenth Judicial District District Attorney's Office claiming to have information about the murder of Pate. Kloster met with these agencies on August 3, 2000 and again in October, 2000.  Lavergne has received a transcript of the latter interview but not the former.  Lavergne alleges that the information provided by Kloster did not match the physical evidence in the case.  Accordingly, employees of the

Acadia Parish Sheriff's Office attempted to question Lavergne about the murder in September 2000, but Lavergne invoked his Fifth Amendment privilege. However, on promise of Detective Latholis that his property would be returned in one month, Lavergne signed a paper allowing the Acadia Parish Sheriff's Office to take Lavergne's computer from his father's home. The computer was not returned as promised one month later. The Acadia Parish Sheriff's Office also took three vehicles and other items from the home of Lavergne's father and his then wife Laincy Vasseur Martinez ("Martinez").

Between September, 2000 and August, 2005, Lavergne alleges that Martinez gave a letter, allegedly written by Lavergne, to the Acadia Parish Sheriff's Office in violation of the marital communication privilege. At the alleged request of the Acadia Parish Sheriff's Office, in July or August, 2005, Martinez also recorded a conversation she had with Lavergne, wherein Martinez questioned Lavergne about the Pate murder. Lavergne alleges that this questioning violated his Fifth Amendment rights. Lavergne further complains that the Acadia Parish Sheriff's Office never provided him a transcript of that interview.

The Acadia Parish Sheriff's Office also allegedly attempted to question Lavergne about the Pate murder a third time in 2005, while Lavergne was incarcerated at the C. Paul Phelps Correctional Center on unrelated charges, in violation of his Fifth Amendment rights. Because the officers told prison officials that Lavergne was going to be indicted for the Pate murder, Lavergne was transferred to the Avoyelles Correctional

Center, where he was placed in lock-down for five months. Lavergne complains that this transfer caused him to be unable to complete welder's training at his former institution.

In April of 2008, Lavergne alleges that the Acadia Parish Sheriff's Office attempted to indict him for the murder of Pate based on a letter written by Lavergne to prison official in April, 2008. This attempted indictment was "a ruse" by the Acadia Parish Sheriff's Office to try to make Lavergne talk about the murder of Pate. Although the Acadia Parish Sheriff's Office tried to question Lavergne on multiple occasions, each time Lavergne invoked his Fifth Amendment rights.

On July 5, 2012, Lavergne was arrested for the murder of Shunick. He was indicted for the murders of Shunick and Pate on July 18, 2012. That same day, the Acadia Parish Sheriff's Office attempted to question Lavergne about the murders, and Lavergne again invoked his Fifth Amendment rights.

Lavergne alleges that although the Acadia Parish Sheriff's Office knew that the statement of Kloster was false and did not match the physical evidence, the Office turned this evidence over to the District Attorney's Office for use before two grand juries, one in Acadia Parish in April, 2008 and another in Lafayette Parish in July, 2012.

By this action, Lavergne seeks actual and punitive damages from the Acadia Parish Sheriff's Office for the following: (1) the "theft" of his computer by use of a "coerced" evidence waiver form and the other personal items taken without a warrant in September 2000; (2) the cancellation of his welding program due to Lavergne's transfer from C. Paul

Phelps Correctional Center to Avoyelles Correctional Center in 2005; (3) violation of the marital communication privilege between September, 2000 and August, 2005 when Martinez gave Lavergne's letter to the defendants; (4) violation of Lavergne's Fifth Amendment rights in July or August, 2005 by using Martinez as "an agent" to question Lavergne about the Pate murder, without providing him a copy of the transcript of that conversation, and also attempting on multiple occasions to question Lavergne about the Pate murder after Lavergne had invoked his Fifth Amendment rights; (5) using the allegedly false statement of Kloster in the Pate murder investigation; (6) failing to provide Lavergne with a copy of the August, 2000 interview of Kloster; (7) providing the allegedly false statement of Kloster, Mike Balleu and Martinez to the Acadia Parish grand jury in April, 2008 and the Lafayette grand jury in July 2012; (8) failing to investigate allegedly false statements about the murders made by Claire Gianfala Higgingbottom in 1999, September, 2000 and July, 2012 based on contradictory information provided by Lavergne; and (9) failing to turn the Pate murder investigation over to federal officials when they discovered that jurisdiction was lacking, and instead, conspiring with the Fifteenth Judicial District District Attorney's Office to indict him for murder.

     This matter has been referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders  of the Court.

## LAW AND ANALYSIS

On August 17, 2012, Lavergne pled guilty to two counts of first degree murder for the murders of Shunick and Pate, with the stipulation that he be sentenced to life imprisonment on each count. In accordance with the plea agreement, Lavergne was sentenced by Judge Clause that date to life imprisonment on each count. Lavergne did not directly appeal his convictions or sentences. Post-Conviction relief has not been granted.[1] Moreover, neither this or any other federal court has issued a writ of *habeas corpus*.

**I. Screening**

When a prisoner files suit in *forma pauperis* pursuant to 42 U.S.C. § 1983, the court is obligated to evaluate the complaint and dismiss it without service of process, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) *citing Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). When "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations", those claims are properly dismissed as frivolous. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994);

---

[1] This information was confirmed by communication with the Clerk of the Fifteenth Judicial District Court and the Louisiana Third Circuit Court of Appeal.

*Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. *See Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *See also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). The plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Green v. Revel*, 2011 WL 165453, *1 (5th Cir. 2011) *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In his Complaint, Lavergne has set forth specific facts which he claims entitles him to damages and he has pleaded his best case. The facts alleged by Lavergne have been accepted as true for the purposes of this Report. Nevertheless, Lavergne's damage claims are subject to dismissal for the reasons which follow.

## II. STATUTE OF LIMITATIONS

The Supreme Court has held that the statute of limitations for a § 1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a § 1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which,

in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, *quoting Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981).  A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim.  *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

      The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by Louisiana Civil Code article 3492 in a § 1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).

      Lavergne complains of numerous incidents and events which occurred years ago in 2000, 2005 and 2008 in connection with the Acadia Parish Sheriff's Office's original investigation of the Pate murder. These claims include Lavergne's claim against Detective Keith Latholis for the "theft" of his computer by use of a "coerced" evidence waiver form in September, 2000, and his claims against the Acadia Parish Sheriff's Office for the alleged September, 2000 illegal seizure of vehicles and items from the home of Lavergne's father and Martinez, the 2005 cancellation of his welding program and prison transfer with resulting placement in lock-down, the alleged marital privilege violation and 2005 use of Martinez "as an agent" for questioning, alleged multiple violations of Lavergne's Fifth Amendment rights by repeated questioning prior to April, 2008, the procurement and use of the alleged false statements of Kloster, Mike Balleu and Martinez in connection with the April, 2008 Acadia Parish Pate murder investigation and grand

jury presentation, and failure to investigate the 1999 and September, 2000 allegedly false statement of Claire Gianfala Higgingbottom.

Lavergne was undoubtedly aware, or should have been aware, of these incidents and events when they occurred, or in the exercise if due diligence, shortly thereafter. Thus, under federal law, Lavergne's claims accrued, at the latest, in April, 2008 when the Acadia Parish grand jury apparently did not to indict Lavergne for the Pate murder because, by that time, Lavergne either knew or should have known the facts on which his constitutional violations are based, whether or not he realized a legal cause of action existed. *See Piotrowski*, 51 F.3d at 516 *quoting Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981).

Since Lavergne's claims accrued, at the latest, in April, 2008, Lavergne had one year, or until April, 2009 to file his federal § 1983 action. However, this action was not filed until June 26, 2013, well over one year after these claims accrued and well over one year after the limitation period had expired. Thus, Lavergne's § 1983 claims seeking damages for incidents and events which occurred prior to April, 2008 are clearly barred by the one year statute of limitations. Accordingly, these claims should be dismissed on this basis as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b)(i).

## III. *Heck v. Humphrey*

Lavergne also seeks monetary damages from the Acadia Parish Sheriff's Office for incidents and events connected with the 2012 murder investigation of both Shunick and

Pate, and subsequent state criminal proceeding, which resulted in Lavergne's conviction for the murder of Shunick and Pate, for which Lavergne is serving two life sentences imposed by the Louisiana Fifteenth Judicial District Court for Lafayette Parish. While these claims appear to have been timely filed, they are nevertheless barred by the principles set forth by the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

It is well established that to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of *habeas corpus* [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on § 1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371.

Moreover, if judgment in favor of a civil rights plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless

the plaintiff demonstrates that the conviction or sentence has already been invalidated. *Id.*

Lavergne's claims concerning incidents and events connected with the 2012 murder investigation and murder prosecution for the deaths of both Shunick and Pate would, if true, necessarily implicate the validity of his state court criminal proceeding and the convictions and sentences imposed therein. Lavergne does not contend that his murder convictions or his life sentences have been reversed, expunged, or declared invalid. To the contrary, Lavergne admits that he is currently serving his sentences for these convictions. Moreover, there is no jurisprudence establishing that these convictions have been reversed, expunged, or declared invalid. Furthermore, no federal court has issued a writ of *habeas corpus*.

While Lavergne argues that his murder convictions and resulting sentences are invalid and unconstitutional, Lavergne stands convicted, and his convictions were, in part, the result of the alleged complained of illegal and unconstitutional actions of the defendant. Thus, it is clear that if this court were to grant Lavergne the damages he seeks, that ruling would necessarily implicate the validity of Lavergne's convictions and sentences. Accordingly, Lavergne's claims, which are directed at the validity of his 2012 criminal prosecution and resulting convictions and sentences, are barred by *Heck*. The claims are not cognizable under 42 U.S.C. § 1983 at this time. These claims must therefore be dismissed with prejudice for failure to state cognizable claims. *See Johnson*

*v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

### IV. Acadia Parish Sheriff's Office

Despite the untimeliness of the majority of Lavergne's claims and the applicability of *Heck* to the remainder of those claims, Lavergne's claims against the Acadia Parish Sheriff's Office are additionally subject to dismissal for failure to state a claims upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii). The Acadia Parish Sheriff's Office is not a separate legal entity capable of being sued. *See Hicks v. Tarrant County Sheriff's Dept.*, 352 Fed. Appx. 876, 878, 2009 WL 2762378, *1 (5th Cir. 2009) *citing Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313-14 (5th Cir. 1991); *Cozzo v. Tangipahoa Parish Council--President Government,* 279 F.3d 273, 283 (5th Cir. 2002) *citing Porche v. Saint Tammany Parish Sheriff's Office,* 67 F. Supp.2d 631, 635 (E.D. La. 1999) *citing Liberty Mut. Ins. Co. v. Grant Parish*, 350 So.2d 236, 238 (La. Ct. App. 1977); *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La.1988); *Martin . Vernon Parish Sheriff's Office,* 2010 WL 3522076, *9 (W.D. La. 2010); *Guy . Louisiana,* 2013 WL 3816462, *4 (W.D. La. 2013); *Walker v. Iberia Parish Sheriff Department,* 2007 WL 2127706, *1 (W.D. La. 2007) (and cases cited therein). *See also Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).

### V. State Law Claims

To the extent that Lavergne's allegations may be construed as asserting claims under Louisiana State law, this Court should decline to exercise supplemental jurisdiction

pursuant to 28 U.S.C. § 1367(c)(3).[2]

A district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3); *Nowell v. Acadian Ambulance Service*, 147 F.Supp.2d 495, 510 (W.D. La. 2001). Indeed, when a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims. *Id. citing Bass v. Packwood Hospital*, 180 F.3d 234, 246 (5th Cir. 1999) *citing Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989). However, the dismissal should be without prejudice. *Id*.

In light of the above, all federal claims asserted against the defendants will be dismissed. Accordingly, no federal question will remain before this court. Accordingly, the undersigned recommends that this Court decline supplemental jurisdiction over any state law claims asserted by Lavergne, dismissing those claims without prejudice.

For the reason set forth above[3];

---

[2]This Court cannot exercise diversity jurisdiction, over any claims asserted by Lavergne under Louisiana State law because complete diversity is lacking. For exercise of this Court's diversity jurisdiction, it is axiomatic that complete diversity is required. Thus, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action. *Exxon v. Allapattah*, 545 U.S. 546, 553, 125 S.Ct. 2611, 2617 (2005) *citing Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806) and *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 375, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). In sum "[i]ncomplete diversity destroys original jurisdiction with respect to all claims" in the action. *Id.* at 2618. Here, Lavergne and the Detective Latholis are Louisiana citizens. Accordingly, complete diversity is lacking.

[3]Although Lavergne does not seek his immediate release from custody. The undersigned notes that such relief is not available in a civil rights action. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the La. State Board of Pardons,* 821 F.2d 1112, 1117 (5th Cir. 1987); *Cook v. Texas Dept. of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989) (A *habeas corpus* petition is the proper vehicle to seek release from custody);

**IT IS RECOMMENDED** that plaintiff's civil rights claims directed at incidents and events which occurred in 2000, 2005 and 2008 in connection with the Acadia Parish Sheriff's Office's original investigation of the Pate murder and civil rights claims against Detective Keith Latholis be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS FURTHER RECOMMENDED** that Lavergne's civil rights claims against the Acadia Parish Sheriff's Office for incidents and events connected with the 2012 murder investigation of both Shunick and Pate and subsequent state criminal proceeding be **DISMISSED WITH PREJUDICE** subject to reassertion if the requirements of *Heck v. Humphrey* are met.

Alternatively, **IT IS RECOMMENDED** that Lavergne's civil rights claims against the Acadia Parish Sheriff's Office be **DISMISSED WITH PREJUDICE**

---

*Muhammad v. Close,* 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*.").

Further, the undersigned notes that any *habeas corpus* action which Lavergne could file would most probably be dismissed for failure to properly and fully exhaust state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of each of his claims to the state courts in a procedurally proper manner. *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001). Moreover, each claim must be presented to the state's highest court, even when review by that court is discretionary. *O'Sullivan v. Boerckel,* 526 U.S. 838, 119 S.Ct. 1728 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998) *citing Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). In Louisiana, the highest court is the Louisiana Supreme Court. *See also*, 28 U.S.C. § 2254(b)(1). Nothing suggests that Lavergne has exhausted his state court remedies by fairly presenting his federal claims to the Louisiana Supreme Court in a procedurally correct manner.

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**IT IS FURTHER RECOMMENDED** that Lavergne's claims under Louisiana State law be **DISMISSED WITHOUT PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, February 12, 2014.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE